**Nos. 2025-1812, 2025-1813**

## United States Court of Appeals
## For the Federal Circuit

V.O.S. Selections., Plastic Services and Products, LLC, dba Genova Pipe,
Microkits, LLC, FishUSA Inc., Terry Precision Cycling LLC,
Plaintiffs-Appellees,

v.

Donald J. Trump, Executive Office of the President, United States, Pete R. Flores,
Jamieson Greer, Office of the United States Trade Representative, Howard Lutnik,
United States Customs and Border Protection,
Defendants-Appellants.

State of Oregon, State of Arizona, State of Colorado, State of Connecticut, State of
Delaware, State of Illinois, State of Maine, State of Minnesota, State of Nevada,
State of New Mexico, State of New York, State of Vermont,
Plaintiffs-Appellees,

v.

Donald J. Trump, United States Department of Homeland Security, Kristi Noem,
United States Customs and Border Protection, Pete R. Flores, United States
Defendants-Appellants.

On Appeal from the United States Court of International Trade
Nos. 25-66, 25-77, Judges Katzmann, Reif, and Restani

**Crutchfield Motion for Leave to file *Amicus Curiae* Brief
in Opposition to Defendants' Motion for Stay Pending Appeal**

## Table of Contents

Introduction ............................................................................................................1

Legal Standard .......................................................................................................1

Statement of Interest .............................................................................................1

Why *Amicus* Argument Is Needed..........................................................................2

Conclusion ..............................................................................................................5

Certificate of Interest ............................................................................................6

Certificate of Service ............................................................................................8

Certificate of Compliance .....................................................................................9

**Introduction**

Pursuant to Fed. R. App. P. 29 and Fed. Cir. R. 29, Crutchfield Corporation respectfully requests leave to file an *amicus curiae* brief in support of Plaintiffs' opposition to Defendants' emergency motion for a stay of these consolidated proceedings pending appeal (ECF 6). In the time available, *see* ECF 7 (accelerating briefing), Crutchfield has sought and secured the agreement of the State Plaintiffs and Defendants to the relief requested by this motion but had not heard back from the private Plaintiffs as of the time of filing.

**Legal Standard**

Rule 29 authorizes *amicus curiae* briefs if the movant can show an interest in the outcome of the litigation and that its brief is desirable and relevant to the court's decision. Courts err on the side of granting motions for leave unless they obviously do not meet these criteria. *See Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3d Cir. 2002)). This Court accepts *amicus* briefs submitted in opposition to a motion for a stay. *See Tivo, Inc. v. EchoStar Corp.*, 2009 WL 1939175, \*1 (Fed Cir. July 1, 2009).

**Statement of Interest**

Crutchfield is a family-owned and operated business that has been selling electronics to American consumers for over 50 years from its home in Virginia.

Started in the family's basement, Crutchfield originally sold its products through its catalogs and by telephone, and now also sells its products through the internet. Crutchfield sells a wide range of consumer electronics products, including car and home audio products, televisions, professional audio products, home health care products, electronic watches, home security components, and more.

Crutchfield obtains its products from different suppliers and vendors, almost all of which are overseas. For many products, the *only* available suppliers and vendors, at least in 2025, are overseas. Thus, tariffs imposed today, and the threat of additional tariffs imposed tomorrow, matter. Further, as discussed below, Crutchfield must finalize holiday catalogs and order products for the holiday season *now*. Thus, the company has a direct interest not only in the ultimate merits but also the Court's consideration of a stay pending appeal. Because its business depends on it, Crutchfield seeks a reset to the *status quo* that existed between 1977 and 2025 to prevent unpredictable and unexpected changes to the tariff rates while this Court, the D.C. Circuit, and the Supreme Court thoughtfully consider these important legal issues.

## Why *Amicus* Argument Is Needed

Crutchfield is directly subject to the devastating effects a stay would have on American retailers. Far from providing stability, a stay here would only add to the chaos. The real *status quo* is the state of affairs from 1977 until earlier this year,

during which no President sought to use the International Emergency Economic Powers Act of 1977 (IEEPA) as unilateral and unreviewable authority to impose, increase, decrease, suspend, or alter tariffs on virtually every country in the world all at once.

Announced tariffs of 145% for products coming from China (which supplies nearly 60% of Crutchfield's products), and announced tariffs of 50% for the European Union (EU), 25% for Mexico and Canada, as well as many other countries that supply products to Crutchfield, are potentially devastating. The threat of additional tariffs of unknown size likewise has a crippling effect on Crutchfield's ability to make business decisions. Although many of the highest announced tariffs are currently paused, they hang like the proverbial sword of Damocles over every retailer that imports any product, or component part, from anywhere in the world. Furthermore, Crutchfield cannot engage in rational business planning if tariffs can be increased, decreased, suspended, or altered on a moment's notice without any recourse (in Defendants' view) to challenge them.

This turmoil is particularly devastating to American retailers like Crutchfield. The holiday season can be make-or-break. To prepare for the 2025 holiday season, Crutchfield must make critical business decisions *now*. To send catalogs in time for the holidays, they must determine what products to sell and finalize straightaway for the printers the catalog copy, including the prices. For products sold online,

Crutchfield also must make essential, irreversible business decisions today. Due to the extensive lead times to source, manufacture, and ship products from overseas, decisions on how many products to order must be made months in advance. Conversely, faced with possible crippling tariffs, decisions to cancel or scale back purchase orders from overseas vendors for future orders, including the pivotal holiday season, must be made *today*.

In the hope it can make those pressing decisions rationally, Crutchfield asks this Court for leave to submit the attached *amicus curiae* brief to bring its real-world perspective to the Court's consideration of Defendants' motion for a stay. Under these unusual and tumultuous circumstances, Crutchfield explains why it is in the interests of all that the Court quiet the chaos by denying a stay, not add to it by plunging the economy back into turmoil. The immediate real-world economic consequences are too dire and the legal issues too important for the Court to send the economy, and with it Crutchfield, back into crippling uncertainty while the Court considers this appeal.

## Conclusion

Crutchfield respectfully requests that the Court grant its motion for leave to file the attached *amicus curiae* brief in opposition to Defendants' motion for a stay.

Respectfully submitted,

Dated: June 4, 2025

/s/ David Swetnam-Burland
Peter J. Brann
David Swetnam-Burland
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME  04243-3070
207.786.3566
pbrann@brannlaw.com
dsb@brannlaw.com

*Attorneys for Amicus Curiae*
*Crutchfield Corporation*

## Certificate of Interest

Pursuant to Fed. Cir. R. 47.4, Crutchfield certifies:

1.      *The full name of every entity represented in the case by the counsel filing the certificate*: Crutchfield Corporation. *See* Fed. Cir. R. 47.4(a)(1).

2.      *For each entity, the name of every real party in interest, if that entity is not the real party in interest*: None. *See* Fed. Cir. R. 47.4(a)(2).

3.      *For each entity, that entity's parent corporation(s) and every publicly held corporation that owns ten percent (10%) or more of its stock*: None.  *See* Fed. Cir. R. 47.4(a)(3).

4.      *The names of all law firms, partners, and associates that have not entered an appearance in the appeal and appeared for the entity in the lower tribunal or are expected to appear for the entity in this court*: None. *See* Fed. Cir. R. 47.4(a)(4).

5.      *Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal*: None. *See* Fed. Cir. R. 47.4(a)(5).

6.      *All information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases*: None applicable. *See* Fed. Cir. R. 47.4(a)(6).

I certify that the foregoing information is accurate and complete to the best of my knowledge.

Dated: June 4, 2025                    /s/ David Swetnam-Burland
                                       David Swetnam-Burland

**Certificate of Service**

On June 4, 2025, I served the foregoing document on all counsel of record through the Court's CM/ECF system.

Dated: June 4, 2025          /s/ David Swetnam-Burland
                                       David Swetnam-Burland

## Certificate of Compliance

Under Fed. R. App. P. 29(b), counsel for *Amici Curiae* certify that this brief complies with the type–volume limitation for motions under Fed. R. App. P. 27(d)(2). Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b)(2), the motion contains 884 words. The brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g), I have relied on the word count feature of this word processing system in preparing this certificate.

I certify that the foregoing information is accurate and complete to the best of my knowledge.

Dated: June 4, 2025                         /s/ David Swetnam-Burland
                                            David Swetnam-Burland