No. 2025-1812 (and consolidated case)

I**N** T**HE**
# United States Court of Appeals for the Federal Circuit

V.O.S. S*ELECTIONS*, *et al.*,

*Plaintiffs-Appellees*,

— v. —

D*ONALD* J. T*RUMP*, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States Court of International Trade

## CONSENT MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES

Donald L.R. Goodson
Kelly C. McGee
Richard L. Revesz
Max Sarinsky
I*NSTITUTE FOR* P*OLICY* I*NTEGRITY*
139 MacDougal Street, 3d Floor
New York, NY 10012
(212) 998-8932
max.sarinsky@nyu.edu

*Counsel for* Amicus Curiae
*Institute for Policy Integrity*

June 6, 2025

The Institute for Policy Integrity at New York University School of Law (Policy Integrity) respectfully requests that the Court grant leave to appear as *amicus curiae* in this action and to file a brief that will assist the Court in reviewing the pending motion for a stay. The proposed *amicus curiae* brief is being filed simultaneously.

In support of this motion, Policy Integrity states as follows:

1. Policy Integrity is a nonpartisan, not-for-profit think tank dedicated to improving the quality of government decisionmaking through advocacy and scholarship in the fields of administrative law, economics, and public policy.

2. Policy Integrity's staff and faculty director, Richard L. Revesz, have published scholarship on administrative law including the major questions doctrine. *See, e.g.*, Natasha Brunstein & Richard L. Revesz, *Mangling the Major Questions Doctrine*, 74 Admin. L. Rev. 317 (2022); Natasha Brunstein & Donald L. R. Goodson, *Unheralded and Transformative: The Test for Major Questions After* West Virginia, 47 Wm. & Mary Env't L. & Pol'y Rev. 47 (2022); Richard L. Revesz & Max Sarinsky, *Regulatory*

*Antecedents and the Major Questions Doctrine*, 36 Geo. Env't L. Rev. 1 (2023). Policy Integrity and its faculty director have also filed *amicus curiae* briefs in litigation involving the major questions doctrine. *See* Br. of the Inst. for Pol'y Integrity as *Amicus Curiae* in Supp. of Defs.-Appellees, *Utah v. Su*, 109 F.4th 313 (5th Cir. 2024) (No. 23-11097); Br. of the Inst. for Pol'y Integrity as *Amicus Curiae* in Supp. of Neither Party, *Sweet v. Cardona*, 121 F.4th 32 (9th Cir. 2024) (No. 23-15049); Br. of Richard L. Revesz as *Amicus Curiae* in Supp. of Resp'ts, *West Virginia v. EPA*, 597 U.S. 697 (2022) (No. 20-1530).

3. Policy Integrity has an interest in the development and proper application of administrative law. Policy Integrity therefore submits the proposed *amicus curiae* brief to aid the Court by ensuring it has a complete and accurate understanding of the major questions doctrine.

4. In this case, Plaintiffs correctly argue that the President's use of the International Emergency Economic Powers Act (IEEPA) to impose tariffs triggers the major questions doctrine. This brief

lays out the doctrine and aligns the major questions argument with the relevant Supreme Court precedents.

5. All parties have consented to the filing of this brief.

**CONCLUSION**

For the forgoing reasons, Policy Integrity respectfully requests that the Court grant this motion and accept for filing the accompanying amicus curiae brief.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically filed this motion and accompanying *amicus curiae* brief with the Clerk using the CM/ECF system, which I understand to have caused service of the filing to all counsel of record.

Dated: June 6, 2025          Respectfully submitted,

/s/ Max Sarinsky
Max Sarinsky
INSTITUTE FOR POLICY INTEGRITY
139 MacDougal Street, Third Floor
New York, NY 10012
(212) 992-8932
max.sarinsky@nyu.edu
*Counsel for Institute for Policy Integrity*
