Nos. 2025-1812, 2025-1813

# United States Court of Appeals for the Federal Circuit

_____

V.O.S. SELECTIONS, INC., PLASTIC SERVICES AND PRODUCTS, LLC, DBA GENOVA PIPE, MICROKITS, LLC, FISHUSA INC., TERRY PRECISION CYCLING LLC,

*Plaintiffs-Appellees*

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, EXECUTIVE OFFICE OF THE PRESIDENT, UNITED STATES, PETE R. FLORES, ACTING COMMISSIONER FOR UNITED STATES CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY AS ACTING COMMISSIONER OF THE UNITED STATES CUSTOMS AND BORDER PROTECTION, JAMIESON GREER, IN HIS OFFICIAL CAPACITY AS UNITED STATES TRADE REPRESENTATIVE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, HOWARD LUTNICK, IN HIS OFFICIAL CAPACITY AS SECRETARY OF COMMERCE, UNITED STATES CUSTOMS AND BORDER PROTECTION,

*Defendants-Appellants*

_____

2025-1812

_____

Appeal from the United States Court of International Trade in No. 1:25-cv-00066-GSK-TMR-JAR, Judge Gary S. Katzmann, Judge Timothy M. Reif, and Senior Judge Jane A. Restani.

---------------------------------------------------

STATE OF OREGON, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF ILLINOIS, STATE OF MAINE, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF VERMONT,

*Plaintiffs-Appellees*,

v.

PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, PETE R. FLORES, ACTING COMMISSIONER FOR UNITED STATES CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY AS ACTING COMMISSIONER FOR U.S. CUSTOMS AND BORDER PROTECTION, UNITED STATES,

*Defendants-Appellants*

———————————

2025-1813

———————————

Appeal from the United States Court of International Trade in No. 1:25-cv-00077-GSK-TMR-JAR, Judge Gary S. Katzmann, Judge Timothy M. Reif, and Senior Judge Jane A. Restani.

**MOTION BY AMICUS CURIAE
THE AMERICA FIRST POLICY INSTITUTE
FOR LEAVE TO FILE REPLY BRIEF**

JED RUBENFELD
127 Wall St.
New Haven CT 06515
203-432-7631
jed.rubenfeld@yale.edu
*Attorney of Record*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-1812, 25-1813

**Short Case Caption** V.O.S. Selections, Inc. v. Trump

**Filing Party/Entity** AMERICA FIRST POLICY INSTITUTE (AMICUS CURIAE)

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/24/2025    Signature: /s/ Jed Rubenfeld

Name: Jed Rubenfeld

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| AMERICA FIRST POLICY INSTITUTE | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable  ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)  ☐ No  ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable  ☐ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# MOTION BY AMICUS CURIAE
# THE AMERICA FIRST POLICY INSTITUTE
# FOR LEAVE TO FILE REPLY BRIEF

Due to the exceptional circumstances set forth below, Amicus Curiae the America First Policy Institute respectfully moves for leave to file a short reply.[1]

In its prior amicus brief (ECF No. 59), AFPI called the Court's attention to Section 338 of the Tariff Act of 1930, 19 U.S.C. § 1338, which was not discussed by the court below, but which expressly empowers the President to impose tariffs of exactly the kind at issue here. Confirming the importance of Section 338 to this case, ***both sets of Plaintiffs-Appellees, together with at least five amici filing in their support, have addressed and tried to rebut AFPI's argument in their response briefs***. *See, e.g.*, ECF No. 92 (VOS Plaintiffs' Brief) at 28; ECF No. 100 (State Plaintiffs' Brief) at 25 n.2.

These responses make a variety of claims that cannot withstand scrutiny, including the remarkable claim that Section 338 does not exist (which would surprise the many Congressmen trying to repeal it), that Section 338 requires an investigation by the International Trade Commission (it does not), and that this Court cannot consider an argument raised by an amicus curiae (federal courts may undoubtedly

---

[1] Like other circuit courts, the Federal Circuit permits amicus reply briefs filed with the court's leave. *See, e.g.*, *Dimasi v. Sec'y of HHS*, No. 2022-1854, 2023 U.S. App. LEXIS 18705, at *22, *25 (Fed. Cir. July 24, 2023) (citing Amicus Reply Brief); F.R.A.P. 29(a)(7) (amici may file replies with court's permission).

consider arguments raised by amici, and this Court has frequently done so).

This is a case of extraordinary magnitude. If allowed to stand, the lower court's ruling threatens to devastate the President's foreign policy and to deprive the United States of tens of billions of dollars in revenue. It is surely imperative in such circumstances that the Court be fully informed about the applicable law.

Here, an amicus brief has brought to the court's attention a governing federal statute not considered by the court below—a statute overlooked by many, because infrequently invoked. It is highly unusual for an argument raised by an amicus to draw so much attention and provoke so many responses in so many briefs. The reason this has occurred here is simple: Section 338 of the Tariff Act of 1930 is directly on point and critical to a correct resolution of this case.

To ensure that the Court is not misled or misinformed about Section 338, AFPI respectfully moves for leave to file the attached proposed Reply Brief.

Dated: July 18, 2025

Respectfully submitted,

/s/ Jed Rubenfeld
Jed Rubenfeld
127 Wall St.
New Haven CT 06511
203-432-7631
jed.rubenfeld@yale.edu
*Attorney of Record*

# CERTIFICATION OF
# COMPLIANCE WITH LENGTH LIMIT

This brief complies with the length limits set forth in Fed. Cir. R. 29. According to Microsoft Word, the includable text contains 451 words.

/s/ Jed Rubenfeld
Jed Rubenfeld

# CERTIFICATE OF SERVICE

This brief was filed electronically through PACER ECM/CF and thereby distributed to all parties.

<u>/s/ Jed Rubenfeld</u>
Jed Rubenfeld
