Nos. 2025-1812, 2025-1813

# United States Court of Appeals for the Federal Circuit

—————————————

V.O.S. SELECTIONS, INC., PLASTIC SERVICES AND PRODUCTS, LLC,
DBA GENOVA PIPE, MICROKITS, LLC, FISHUSA INC., TERRY PRECISION
CYCLING LLC,

*Plaintiffs-Appellees*

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE
UNITED STATES, EXECUTIVE OFFICE OF THE PRESIDENT, UNITED
STATES, PETE R. FLORES, ACTING COMMISSIONER FOR UNITED
STATES CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL
CAPACITY AS ACTING COMMISSIONER OF THE UNITED STATES
CUSTOMS AND BORDER PROTECTION, JAMIESON GREER, IN HIS
OFFICIAL CAPACITY AS UNITED STATES TRADE REPRESENTATIVE,
OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, HOWARD
LUTNICK, IN HIS OFFICIAL CAPACITY AS SECRETARY OF COMMERCE,
UNITED STATES CUSTOMS AND BORDER PROTECTION,

*Defendants-Appellants*

—————————————

2025-1812

—————————————

Appeal from the United States Court of International Trade in No. 1:25-cv-00066-
GSK-TMR-JAR, Judge Gary S. Katzmann, Judge Timothy M. Reif, and Senior
Judge Jane A. Restani.

---------------------------------------------------

STATE OF OREGON, STATE OF ARIZONA, STATE OF COLORADO,
STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF ILLINOIS,
STATE OF MAINE, STATE OF MINNESOTA, STATE OF NEVADA, STATE
OF NEW MEXICO, STATE OF NEW YORK, STATE OF VERMONT,

*Plaintiffs-Appellees,*

v.

PRESIDENT DONALD J. TRUMP, UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, KRISTI NOEM, SECRETARY OF HOMELAND
SECURITY, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS
AND BORDER PROTECTION, PETE R. FLORES, ACTING COMMISSIONER
FOR UNITED STATES CUSTOMS AND BORDER PROTECTION, IN HIS
OFFICIAL CAPACITY AS ACTING COMMISSIONER FOR U.S. CUSTOMS
AND BORDER PROTECTION, UNITED STATES,

*Defendants-Appellants*

———————————————

2025-1813

———————————————

Appeal from the United States Court of International Trade in No. 1:25-cv-00077-
GSK-TMR-JAR, Judge Gary S. Katzmann, Judge Timothy M. Reif, and Senior
Judge Jane A. Restani.

**[PROPOSED] REPLY BRIEF AMICUS CURIAE OF
THE AMERICA FIRST POLICY INSTITUTE
IN SUPPORT OF DEFENDANTS-APPELLANTS
AND IN SUPPORT OF REVERSAL**

JED RUBENFELD
127 Wall St.
New Haven CT 06515
203-432-7631
jed.rubenfeld@yale.edu
*Attorney of Record*

# TABLE OF CONTENTS

Table of Authorities………………………………………………….. i

Preliminary Statement…………………………………………………. 1

Argument……………………………………………………………. 1

    I.      Section 338 Has Not Been Implicitly Repealed……………. 1

    II.    The VOS Plaintiffs' Other Arguments Are Meritless ..……. 8

    III.   Federal Courts May Consider Arguments Raised Only
    by Amici Curiae, and this Court Has Frequently Done So…....……. 10

    IV.   Section 338 Does Not Require an Investigation or
    Recommendation by the International Trade Commission
    and Does Not Apply Only to Most-Favored Nation Violations…… 12

Conclusion…………………………………………………………. 15

Certificate of Compliance…………………………………………. 16

Certificate of Service………………………………………………… 17

# TABLE OF AUTHORITIES

**Cases**

*AFL-CIO v. Kahn*, 618 F.2d 784 (D.C. Cir. 1979) ...............................................8, 9

*Am. Federation of Gov't Emps., AFL-CIO v. Reagan*, 870 F.2d 723 (D.C. Cir. 1989) ..........................................................................9

*C.R. Bard v. AngioDynamics, Inc.*, 748 Fed. Appx. 1009 (Fed. Cir. 2018) ...........11

*Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178 (Fed. Cir. 2004).11

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1979) ...............................................8

*Cornet Stores v. Morton*, 632 F.2d 96 (9th Cir. 1980) ...........................................7

*Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018)......................................................2

*In re Colson*, 412 A.2d 1160 (D.C. App. 1979) .....................................................11

*Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357 (Fed. Cir. 2002) ..........4

*Learning Res., Inc. v. Trump*, No. 25-1248, 2025 U.S. Dist. LEXIS 103492 (D.D.C. May 29, 2025)..............................................................................5, 15

*Maine Community Health Options v. United States*, 590 U.S. 296 (2020)...... 2, 3, 8

*Mapp* v. *Ohio*, 367 U.S. 643 (1961) .......................................................11

*Martin v. Mott*, 25 U.S. 19 (1827) ..........................................................9

*Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172 (1999)..............9

*Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497 (1936) ........................................3

*Radzanower v. Touche Ross & Co.*, 426 U.S. 148 (1976).........................................4

*Teague v. Lane*, 489 U.S. 288 (1989) .....................................................11

*United Nat'l Foods, Inc. v. NLRB*, 66 F.4th 536 (5th Cir. 2023) ............................11

*United States v. Hammond Lead Products, Inc.*, 440 F.2d 1024 (C.C.P.A. 1971) ...7

*United States v. Yoshida Int'l, Inc.*, 526 F.2d 560 (C.C.P.A. 1975)..........................9

**Statutes**

19 U.S.C. § 1338 .................................................................................................. passim

19 U.S.C. § 2411 ...................................................................................................1, 3

Trade Act of 1974, Pub. L. No. 93-618, 88 Stat. 1978 (1975) .............................1, 5

Trade Expansion Act of 1962, Pub. L. No. 87-794, 76 Stat. 872 (1962) ..................5

**Other Authorities**

CONGRESSIONAL RESEARCH SERVICE, Congressional and Presidential Authority to
  Impose Import Tariffs (Apr. 23, 2025) ....................................................................6

CONGRESSIONAL RESEARCH SERVICE, Presidential Authority over Trade: Imposing
  Tariffs and Duties (Dec. 9, 2016) ...........................................................................7

Executive Order 14257, 90 Fed. Reg. 15041 (Apr. 2, 2025)...................................10

Repealing Outdated and Unilateral Tariff Authorities Act, 119 H.R. 2464 (Mar. 25,
  2025) .........................................................................................................................6

S. Rep. No. 97-564, 97th Cong. 2d Session, H.R. 4566 (Sept. 21, 1982) ................7

**REPLY BRIEF AMICUS CURIAE OF**
**THE AMERICA FIRST POLICY INSTITUTE**
**IN SUPPORT OF DEFENDANTS-APPELLANTS**

## Preliminary Statement

In its prior brief (ECF No. 59), the America First Policy Institute called the Court's attention to Section 338 of the Tariff Act of 1930, 19 U.S.C. § 1338, which was not discussed by the court below, but which expressly empowers the President to impose tariffs of exactly the kind at issue here.

Confirming the importance of AFPI's argument, both sets of Plaintiffs-Appellees, together with numerous amici filing in their support, have addressed Section 338 in their briefs, making a variety of contradictory claims that cannot withstand scrutiny, including the remarkable claim that Section 338 does not exist (which would surely surprise the many Congressmen trying to repeal it). To ensure that the Court is not misinformed about Section 338, AFPI respectfully submits this Reply brief.[1]

## ARGUMENT

I.    **Section 338 Has Not Been Implicitly Repealed**.

According to the VOS Plaintiffs and the George Allen et al. amicus brief (the

_____

[1] No party or party's counsel authored this brief in whole or in part, and no person other than the amicus curiae, its members, or its counsel contributed money intended to fund the preparing or submission of this brief.

"Allen brief"), Section 338, though currently codified at 19 U.S.C. § 1338, was implicitly "repealed" by later-enacted tariff provisions, specifically Section 252 of the Trade Expansion Act of 1962 and 19 U.S.C. § 2411, which codifies Section 301 of the Trade Act of 1974. (ECF No. 92 at 28; ECF No. 90 at 23-24.) Neither the VOS brief nor the Allen brief cites a single case so holding or even so hinting. The reason no authority is cited is simple: there is none. On the contrary, as will be shown below, the notion that Section 338 has been implicitly repealed flies in the face of controlling law and is squarely contradicted by numerous judicial opinions, legislative bills, and non-partisan congressional reports all treating Section 338 as a fully-operative statute.

As the Supreme Court has repeatedly held, implicit repeals are strongly disfavored:

> "[R]epeals by implication are not favored" and are a "rarity." Presented with two statutes, the Court will "regard each as effective" unless Congress' intention to repeal is "clear and manifest," or the two laws are "irreconcilable." ***"[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."***

*Maine Community Health Options v. United States*, 590 U.S. 296, 315 (2020) (citations omitted) (emphasis added). "[C]onfronted with two Acts of Congress allegedly touching on the same topic, [a court] is not at 'liberty to pick and choose among congressional enactments.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018) (citation omitted). Instead, a "party seeking to suggest that … one displaces

the other … bears the heavy burden of showing 'a clearly expressed congressional intention' that such a result should follow. The intention must be 'clear and manifest.'" *Id*. (citations omitted).

Neither Section 252 of the Trade Expansion Act of 1962 nor 19 U.S.C. § 2411 expressly repeals Section 338. Neither is in conflict with Section 338, much less "irreconcilable" with it. Section 252 permitted the President to impose tariffs on countries that maintained "import restrictions against United States agricultural products," while 19 U.S.C. § 2411 lays out procedures through which the U.S. Trade Representative can impose tariffs in designated circumstances. By contrast, Section 338 arms the President himself with tariffing power whenever he finds that any foreign country, "directly or indirectly, … by or in respect to any customs, tonnage, or port duty, fee, charge, exaction, classification, regulation, condition, restriction or prohibition … place[s] the commerce of the United States at a disadvantage." Thus Section 338 is fully "capable of co-existence" with both later-enacted statutes and hence, under *Maine Community*, "it is the duty of the courts … to regard [it] as effective." 590 U.S. at 315.

Without mentioning *Maine Community*, the Allen brief argues that Section 252 of the 1962 act and 19 U.S.C. § 2411 "'cover[] the whole subject'" of Section 338 and hence implicitly repealed Section 338 under *Posadas v. Nat'l City Bank of*

*N.Y.*, 296 U.S. 497 (1936). (ECF No. 90 at 23 (quoting *Posadas*, 296 U.S. at 503).)
But the Allen brief is misrepresenting *Posadas*.

Even assuming arguendo that the later-enacted provisions "cover the whole subject" of Section 338—which they emphatically do not—the *Posadas* Court expressly stated that "cover[ing] the whole subject" of a previous enactment does ***not*** suffice to effect an implicit repeal: "It is not sufficient … 'to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary." *Posadas*, 296 U.S. at 504 (citation omitted). "[T]he mere fact that the latter act covers the whole subject" does ***not*** "demonstrate[] an intention completely to substitute the latter act for the first." *Id.* at 503-04. Rather, to effect a disfavored implicit repeal, the later statute must "'cover[] the whole ground occupied by the earlier … ***and the intention of the legislature to repeal must be clear and manifest***.'" *Id.* at 504 (emphasis added) (citation omitted); *see also Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976) (*Posadas* test not satisfied ***unless "the intention of the legislature to repeal [is] clear and manifest"***) (emphasis added); *Inter-Coastal Xpress, Inc. v. United States*, 296 F.3d 1357, 1370 (Fed. Cir. 2002) (same).

Far from expressing a "clear and manifest" intent to repeal Section 338, the 1962 and 1974 acts both express a clear intent ***not*** to repeal it. Both acts contain a section entitled "Relation to Other Laws" expressly stating which prior statutory

provisions are being repealed.[2]  Included in these repealed provisions are several sections from the Tariff Act of 1930, but Section 338 is not among them.

In other words, Congress knew exactly how to repeal provisions from the Tariff Act of 1930 and other prior tariff statutes when it passed the 1962 and 1974 acts, and it did repeal numerous such provisions in both acts.  But it did not repeal Section 338, conclusively refuting any notion that there was a "clear and manifest" intention to repeal Section 338.  Neither the VOS Plaintiffs nor the Allen brief says a word about any of this.

From the 1970s to the present day, numerous courts, Congressmen, and congressional publications have consistently recognized Section 338 as operative and in-effect.  For example:

- Not two months ago, a district court stated that "Section 338 of the Tariff Act of 1930 grants the President the authority to 'declare new or additional duties' of up to 50 percent." *Learning Res., Inc. v. Trump*, No. 25-1248, 2025 U.S. Dist. LEXIS 103492, at *25 (D.D.C. May 29, 2025).

- In April of this year, the non-partisan Congressional Research Service published a report recognizing Section 338 as one of several statutes "***currently in effect***" conferring tariff-setting powers on the President.

---

[2] *See* Trade Expansion Act of 1962, Pub. L. No. 87-794, § 257, 76 Stat. 872, 881-82 (1962); Trade Act of 1974, Pub. L. No. 93-618, § 602, 88 Stat. 1978, 2072-73 (1975).

CONGRESSIONAL RESEARCH SERVICE, Congressional and Presidential Authority To Impose Import Tariffs 1, 19-20 (Apr. 23, 2025) (emphasis added), https://www.congress.gov/crs-product/R48435.

- In March of this year, a bill was introduced in the House of Representatives to repeal Section 338. *See* Repealing Outdated and Unilateral Tariff Authorities Act, 119 H.R. 2464 (Mar. 25, 2025). Indeed no fewer than 10 (failed) bills to repeal or amend Section 338 have been introduced in the House and Senate over the last eight years. *See, e.g.*, 119 H.R. 2842 (Apr. 10, 2025); 119 S. 348 (Jan. 30, 2025); 118 H.R. 2549 (Apr. 10, 2023); 118 S. 1060 (Mar. 29, 2023); 117 H.R. 2618 (Apr. 16, 2021); 117 S. 691 (Mar. 10, 2021); 116 H.R. 723 (Jan. 23, 2019); 115 H.R. 5760 (May 10, 2018); 115 H.R. 5281 (Mar. 14, 2018); 115 S. 177 (Jan. 20, 2017). Every such bill testifies to legislators' understanding that Section 338 remains operative.

- In 2020, Congress compiled a complete as-amended, currently-in-effect version of the Tariff Act of 1930, showing all sections, with notations of which provisions have been repealed. *See* Tariff Act of 1930 As Amended Through P.L. 116–113, Enacted Jan. 29, 2020, https://www.govinfo.gov/content/pkg/COMPS-8183/uslm/COMPS-8183.xml. The compilation shows some thirty sections of the Tariff Act of 1930 as having been

"repealed," but Section 338 is shown unrepealed, unamended, and fully effective. *See id.*

- In 2016, the Congressional Research Service listed Section 338 in a "list of sample statutory provisions that delegate some authority to the President to take trade-related action." *See* Congressional Research Service, Presidential Authority over Trade: Imposing Tariffs and Duties 3-4 (Dec. 9, 2016), https://www.congress.gov/crs-product/R44707.

- In 1982, a Senate committee report described Section 338 as currently operative. *See* S. Rep. No. 97-564, 97th Cong. 2d Session, H.R. 4566 (Sept. 21, 1982) ("Under section 338 the President is authorized to impose additional duties ….").

- In 1980, the Ninth Circuit cited Section 338, 19 U.S.C. § 1338, as a currently operative statute conferring tariff-setting powers on the President. *See Cornet Stores v. Morton*, 632 F.2d 96, 100 n.3 (9th Cir. 1980).

- In 1971, this Court's predecessor recognized "the provision in section 338, Tariff Act of 1930, 19 U.S.C. § 1338, for retaliatory duties" as an operative, non-repealed provision. *See United States v. Hammond Lead Products, Inc.*, 440 F.2d 1024, 1029 (C.C.P.A. 1971).

- Finally, even the amicus brief submitted in this case by 191 Members of Congress (arguing for affirmance) recognizes Section 338 as currently in

effect. *See* ECF No. 103 at 9 ("President is authorized" to set tariffs under Section 338). Several other pro-affirmance amici do so as well. *See, e.g.*, ECF No. 108 at 9 ("Section 338 of the Tariff Act of 1930 permits the President to 'declare new or additional duties' of up to 50%"); ECF No. 80 at 3-4 n.2 (same); ECF No. 115 at 29.

As stated above, implicit repeal cannot be found in the absence of a "clear and manifest" congressional intent to repeal. *Maine Community*, 590 U.S. at 315. It is absurd to assert the existence of a "clear and manifest" congressional intent to repeal Section 338 when virtually no one has ever been aware of this intent, when the supposedly repealing statutes indicate an intention ***not*** to repeal Section 338, and when courts, Congressmen, and authoritative congressional reporters all believe Section 338 is still in force.

## II. The VOS Plaintiffs' Other Arguments Are Meritless.

The VOS Plaintiffs also argue against the applicability of Section 338 on the following grounds:

> President Trump did not invoke Section 338 in imposing these tariffs, and they do not adhere to Section 338's requirements, even if it were operative. Section 338 permits tariffs only when the President "find[s] as a fact" that a country satisfies two statutory conditions, including that the country "[d]iscriminates" against U.S. exports. 19 U.S.C. § 1338(a). The President never purported to make such findings.

(ECF No. 92 at 38 n.2.) These arguments are meritless.

First, it is well established that courts can uphold executive orders under a statute the President did not invoke. *See, e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 304-05 & nn.33-36 (1979)**Error! Bookmark not defined.** (discussing executive orders citing no specific statutory authority upheld under a variety of statutes); *Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 189 (1999) ("Because the Removal Act did not authorize the 1850 [executive] order, we must look elsewhere for a constitutional or statutory authorization for the order."); *AFL-CIO v. Kahn*, 618 F.2d 784, 790-91 & nn.32-33 (D.C. Cir. 1979). This Court's predecessor did just that in *United States v. Yoshida Int'l, Inc.*, 526 F.2d 560 (C.C.P.A. 1975) (upholding Nixon tariffs under statute different from statutes invoked by the President).

Second, President Trump was not required to publicly declare the findings that trigger Section 338. *See, e.g.*, *Martin v. Mott*, 25 U.S. 19, 33 (1827) (rejecting claim that "it is necessary to aver the facts which bring the exercise [of power] within the purview of [a] statute"); *American Federation of Gov't Emps., AFL-CIO v. Reagan*, 870 F.2d 723, 724 (D.C. Cir. 1989) (rejecting claim that executive order was "legally ineffective because it does not show facially and affirmatively that the President made the determinations upon which exercise of the power is conditioned").

Nevertheless, President Trump did make public his findings of worldwide country-by-country discrimination against US commerce when he cited and incorporated by reference into the relevant Executive Order the 400-page 2025 National Trade Estimate Report on Foreign Trade Barriers, https://ustr.gov/sites/default/files/files/Press/Reports/2025NTE.pdf ("2025 NTE Report"), which, as the Executive Order states, "details a great number of non-tariff barriers to U.S. exports around the world on a trading-partner by trading-partner basis."[3]

Finally, the VOS brief wholly misses the mark when it claims that President Trump has somehow violated Section 338's requirements by imposing tariffs on "countries with which the United States has a trade surplus, such as the Netherlands," and "those that impose no tariffs whatsoever on the United States, such as Switzerland." (ECF No. 92 at 38 n.2.) Nothing in Section 338 remotely suggests that tariffs cannot be imposed on countries with which the US has a trade surplus, and the 2025 NTE Report quoted in the Executive Order discusses in detail Switzerland's discriminatory trade barriers (both tariff and non-tariff) to US commerce. *See, e.g.*, 2025 NTE Report at 330 ("U.S. agricultural market access to the Swiss market is limited by high tariffs on certain products, preferential tariff rates for products from other trading partners, and certain government regulations.").

## III. Federal Courts May Consider Arguments Raised Only by Amici Curiae, and this Court Has Frequently Done So.

---

[3] Executive Order 14257, 90 Fed. Reg. 15041 at 15042-43 (Apr. 2, 2025).

The Former Government Officials et al. amicus brief argues that this Court should not consider Section 338 because Section 338 has been pressed by an amicus curiae, rather than by the Government itself. (ECF No. 106 at 21.)  But federal courts undoubtedly have the power to consider arguments raised only by an amicus.  *See, e.g.*, *Teague v. Lane*, 489 U.S. 288, 300 (1989) (deciding case based on argument "raised only in an *amicus* brief"); *Mapp* v. *Ohio*, 367 U.S. 643, 646, n.3 (1961) (applying exclusionary rule to the States even although such a course of action was urged only by amicus curiae). This Court has frequently done so.  *See, e.g.*, *C.R. Bard v. AngioDynamics, Inc.*, 748 Fed. Appx. 1009, 1019 (Fed. Cir. 2018); *Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1186 n.5 (Fed. Cir. 2004) (considering alternative statute raised only by amicus); *id.* at 1191 n.8 (describing arguments raised only by amici as "warrant[ing] attention").

A court's fundamental task in a case of this magnitude is to get the law right. *See United Natural Foods, Inc. v. NLRB*, 66 F.4th 536, 556 (5th Cir. 2023) (Oldham, J., dissenting) ("We're not 1L moot court judges who're artificially bound by the eight corners of the parties' two briefs. Does anyone think that … a federal judge is somehow disabled from reading any case, statute, regulation, or other authority not cited in the party's brief? Of course not. We are duty-bound to understand the legal questions presented to us."), *majority opinion vacated*, 144 S. Ct. 2708 (2024).  Where, as here, an amicus curiae has called attention to a decisive

applicable statute, the court can and should apply that statute.  *See, e.g.*, *In re Colson*, 412 A.2d 1160, 1184 (D.C. App. 1979) (en banc) (concurring opinion) (noting and defending majority's deciding of case under statute "called … to the court's attention" by amicus).

In fact, amici curiae are obligated ***not*** to duplicate the parties' arguments. *See, e.g.*, Supreme Court Rule 37.1 (instructing amici only to advance arguments "not already brought to [the Court's] attention by the parties"); D.C. Cir. Handbook of Practice 39 (2024) (amicus "briefs may not repeat facts or legal arguments … in the parties' briefs"). Thus the entire point of briefs amicus curiae is to make arguments ***not*** made by the parties, and amicus briefs would be functionless if courts could not consider such arguments.

The briefing schedule here ordered by this Court ensured that Plaintiffs-Appellees would have ample time to review and respond to AFPI's Section 338 point, as they have in fact done. Accordingly, the claim that this Court cannot consider Section 338 because it was not argued in the Government's opening brief (*see* ECF No. 106 at 21) is meritless.  That rule applies to arguments raised for the first time in an appellant's reply brief; it does not apply to arguments raised in an amicus brief.

IV.  **Section 338 Does Not Require an Investigation or Recommendation by the International Trade Commission and Does Not Apply Only to Most-Favored Nation Violations**

The State Plaintiffs assert that "Section 338 tariffs require an investigation and recommendation from the International Trade Commission, which was not done here. 19 U.S.C. § 1338(g)." (ECF No. 100 at 25 n.2.) There is no basis whatever for this assertion.

Section 338(g), 19 U.S.C. § 1338(g), instructs the Commission to keep itself "informed" of foreign discriminations against US commerce and to make "recommendations" to the President, but it does not make any action by the Commission a necessary precondition for tariffs. On the contrary, Section 338 expressly and repeatedly confers on the President himself the direct power to impose tariffs not when the *Commission* finds discrimination against US commerce, nor when the President *is recommended to do so by the Commission*, but "***whenever the President shall find***" such discrimination. *See* 19 U.S.C. § 1338(a), (d), (e) (emphasis added). The State Plaintiffs cite no authority for their claim that a Commission investigation or recommendation is necessary to a Section 338 tariff, and the statute's plain text refutes that claim.

Equally inconsistent with the statutory text is the State Plaintiffs' claim that "Section 338 applies only to violations of most-favored-nation treatment." The notion here seems to be that the President can impose tariffs under Section 338 only when a foreign country is disadvantaging US commerce vis-à-vis a *third country's* commerce, but the statute unambiguously says the contrary.

Paragraph (a)(1) of Section 338 expressly addresses most-favored-nation violations, and authorizes tariffs against such violations, but paragraph (a)(2) contains no such limitation, thereby refuting the State Plaintiffs' claim. Paragraph (a)(2) empowers the President to impose tariffs on a foreign country that disadvantages US commerce relative to the commerce of "any" country, including its own. 19 U.S.C. § 1338(a)(1), (2). Parallel to that distinction, paragraph (e) of Section 338 expressly authorizes tariffs when a foreign country disadvantages US commerce vis-à-vis a "third country," whereas paragraph (d) contains no such limitation, authorizing tariffs when a foreign country discriminates against or disadvantages US commerce vis-à-vis its own commerce. 19 U.S.C. § 1338(d), (e).

Again, the State Plaintiffs cite no authority stating that Section 338 tariffs apply only to most-favored-nation violations, and the statute's plain text refutes that claim. As the District Court for the District of Columbia recently stated, "Section 338 of the Tariff Act of 1930 grants the President the authority to 'declare new or additional duties' of up to 50 percent on imports from countries that have imposed 'unreasonable' … limitations that are 'not equally enforced upon the like articles of every foreign country,'"—i.e., most-favored-nation violations—"*or* that have '[d]iscriminate[d] in fact against the commerce of the United States'" in any other way, including by disadvantaging US commerce vis-à-vis their own commerce.

*Learning Res., Inc. v. Trump*, 2025 U.S. Dist. LEXIS 103492, at *25 (emphasis added).

## Conclusion

For the foregoing reasons, the challenged tariffs should be upheld under Section 338, 19 U.S.C. § 1338, or the decision below should be reversed and remanded with instructions to consider which of the challenged tariffs are covered by Section 338.


Dated: July 18, 2025

Respectfully submitted,

<u>/s/ Jed Rubenfeld</u>
Jed Rubenfeld
127 Wall St.
New Haven CT 06511
203-432-7631
jed.rubenfeld@yale.edu
*Attorney of Record*

**CERTIFICATION OF
COMPLIANCE WITH LENGTH LIMIT**

This brief complies with the length limits set forth in Fed. Cir. R. 29.

According to Microsoft Word, the includable text contains 3,305 words.


/s/ Jed Rubenfeld
Jed Rubenfeld

**CERTIFICATE OF SERVICE**

This brief was filed electronically through PACER ECM/CF and thereby distributed to all parties.


/s/ Jed Rubenfeld
Jed Rubenfeld