# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| V.O.S. Selections, Inc., et al.<br><br>*Plaintiffs-Appellees,*<br><br>v.<br><br>Donald J. Trump, et al.,<br><br>*Defendants-Appellants.* | No. 25-1812 |
| State of Oregon, et al.,<br><br>*Plaintiffs-Appellees,*<br><br>v.<br><br>Donald J. Trump, et al.,<br><br>*Defendants-Appellants.* | No. 25-1813 |

## MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE

Pursuant to Federal Rules of Appellate Procedure 2(a) and 41(b), Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA, Inc., and Terry Precision Cycling LLC (collectively, "Plaintiff-Appellees" or "Plaintiffs") respectfully move this Court to issue its mandate forthwith

1

in *V.O.S. Selections, Inc.* v. *Trump*, No. 25-1812 (Fed. Cir.), to the United States Court of International Trade ("CIT").

On August 29, 2025, this Court affirmed in part and vacated in part the CIT's judgment in this case, affirming the CIT's judgment to the extent it held the challenged IEEPA tariffs unlawful, but remanding to the CIT to reconsider its award of injunctive relief. This Court then issued an order staying the issuance of its mandate pending—as relevant—"a judgment of the Supreme Court if certiorari is granted." Dkt. No. 161 at 3. The order also provided that "[w]hile the issuance of the mandate is withheld," the CIT "shall take no further action in this case." *Id.* On February 20, 2026, the Supreme Court entered judgment in this case, affirming this Court's decision in full. *Learning Res., Inc.* v. *Trump*, 607 U.S. ---, 2026 WL 477534, at *14 (U.S. Feb. 20, 2026). Plaintiffs-Appellees therefore respectfully request that this Court issue its mandate forthwith in their appeal.

The immediate issuance of the mandate is not only consistent with the terms of this Court's stay; it will also facilitate the prompt and equitable disposition of both this case and the over 900 other suits challenging the tariffs that are currently pending before the CIT.

1. Start with this case. Plaintiffs-Appellees are small businesses that filed suit on April 14, 2025, just 12 days after the President imposed the IEEPA tariffs through Executive Order 14,257. Their complaint sought to both recoup their losses from the unlawful tariffs and prevent the imposition of the tariffs in the future. Compl. at 23-24, *V.O.S. Selections, Inc.* v. *Trump*, No. 1:25-cv-66 (Ct. Int'l Trade Apr. 14, 2025).

On May 28, 2025, the CIT issued its judgment declaring the tariffs unlawful, issuing a permanent injunction preventing their enforcement, and requiring the government to issue administrative orders to effectuate that injunction within 10 days. *V.O.S. Selections, Inc.* v. *Trump*, Dkt. No. 56 at 2-3 (Ct. Int'l Trade May 28, 2025). The government then sought a stay of the injunctive relief pending appeal, arguing—as most relevant here—that "a stay would not cognizably harm plaintiffs" because "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." Dkt. No. 6 at 25. This Court granted the requested stay. Dkt. No. 51.

This Court ultimately issued a judgment that affirmed the CIT's holding that the tariffs were unlawful, but it vacated the CIT's grant of a

permanent injunction and "remand[ed] for the CIT to reevaluate the propriety of granting injunctive relief and the proper scope of such relief, after considering all four *eBay* factors and the Supreme Court's holding in *CASA*." *V.O.S. Selections, Inc.* v. *Trump*, 149 F.4th 1312, 1340 (Fed. Cir. 2025) (en banc). At the same time, this Court issued an order providing that the CIT "shall take no further action in this case" until this Court's mandate issues, and withholding the issuance of the mandate "pending * * * a judgment of the Supreme Court." Dkt. No. 161 at 3.

The Supreme Court has now entered its judgment, and this Court's swift issuance of the mandate is necessary to ensure that the CIT can begin the process of formulating appropriate injunctive relief that will both prevent the government from making any attempt to enforce the IEEPA tariffs in the future and vindicate the government's stipulation that plaintiffs would not be harmed by the stay in this case because "the government w[ould] issue refunds * * * including any post-judgment interest that accrues" if the tariffs were ultimately found unlawful. Dkt. No. 6 at 25.

Moreover, the necessity for the prompt issuance of the mandate from this Court and prompt relief from the CIT is thrown into sharp relief by the Administration's recent public statements asserting that the government will not pay refunds until the CIT orders that relief. See *'It is not up to me': Secretary Bessent pushes back against tariff refunds*, at 0:40, CNN (Feb. 22, 2026) (Treasury Secretary Bessent stated that "[t]he Supreme Court remanded [refunds] down to a lower court, and, you know, we will follow what they say, but that could be weeks or months when we hear [from] them.");[1] Alan Rappeport and Colby Smith, *Supreme Court Tariff Ruling to Spur Chaotic Refund Process*, N.Y. Times (Feb. 20, 2026) (President Trump stated, "'Wouldn't you think they would have put one sentence in there saying that keep the money or don't keep the money?' … 'I guess it has to get litigated for the next two years.'").[2]

Because Plaintiffs' entitlement to refunds is clear and because every day that they are forced to operate without them inflicts harm on their businesses, Plaintiffs respectfully submit that this Court should

---

[1] *Available at* https://www.cnn.com/2026/02/22/politics/video/treasury-secretary-scott-bessent-tariff-revenue-gorsuch-scotus-opinion-congress.
[2] *Available at* https://www.nytimes.com/2026/02/20/business/supreme-court-tariffs-refunds.html.

immediately issue the mandate so that the CIT can initiate the appropriate remand proceedings regarding injunctive relief.

2. Swift issuance of the mandate will also facilitate the refund process for the over 900 additional plaintiffs that have already filed follow-on actions in the CIT and the numerous other entities that are owed refunds and are likely to file soon. See *AGS Co. Auto. Sols.* v. *U.S. CBP*, No. 1:25-cv-255, Defs.' Mot. for Extended Case Mgmt. Proc. at 3, Dkt. No. 32 (Ct. Int'l Trade Jan. 7, 2026). After the federal government stipulated to the availability of refunds in this case, it clarified in subsequent actions that the stipulation broadly applies to all similarly situated plaintiffs with pending or forthcoming suits.

Most notably, in *AGS Co. Automotive Solutions* v. *CBP*, the government opposed plaintiffs' request for a preliminary injunction that would have facilitated the plaintiffs' ability to obtain a refund once the tariffs were found unlawful by the Supreme Court by asserting that the stipulation regarding refunds that the government first made "in April 2025, in the *V.O.S.* litigation" would apply to all plaintiffs. See *id.*, Defs.' Resp. in Opp. to Prelim. Inj. at 3, Dkt. No. 25 (Ct. Int'l Trade Dec. 11, 2025). The government subsequently clarified that this stipulation

would apply to all "current and future similarly situated plaintiffs." *Id.*, Defs.' Resp. to Ct. Letter at 2, Dkt. No. 34 (Ct. Int'l Trade Jan. 8, 2026).

Based on the government's stipulation, the CIT denied the requested preliminary injunctive relief in *AGS* and other related cases, observing that the government would be "estoppe[d]" from later disclaiming its stipulation. *AGS Co. Auto. Sols.* v. *CBP*, --- F. Supp. 3d ---, 2025 WL 3634261, at *2 (Ct. Int'l Trade Dec. 15, 2025) (citing *New Hampshire* v. *Maine*, 532 U.S. 742, 749 (2001)). And after issuing this order, the CIT issued an administrative order staying all the other related cases involving similarly situated plaintiffs pending final judgment in *this* case. *In re: Procedures for Entering a Stay in New IEEPA Tariff Cases*, Admin. Order 25-02 (Ct. Int'l Trade Dec. 23, 2025) (staying "unassigned cases and new cases" pending "a final, unappealable decision in V.O.S. Selections, Inc. v. United States").

Accordingly, an order enjoining the government to establish and carry out a process for granting refunds to Plaintiffs in this case will facilitate the final resolution of the pending follow-on cases seeking refunds of the unlawful IEEPA tariffs. Indeed, the CIT may use the remand proceedings in this case to establish a workable procedure for

7

obtaining refunds that can then be applied across other current and future cases—as the CIT previously did in *U.S. Shoe Corp.* v. *United States*, No. 94-11-00668 (Ct. Int'l Trade). After the Harbor Maintenance Fee was declared unconstitutional by the Supreme Court in the lead case challenging the Harbor Maintenance Fee, *United States* v. *U.S. Shoe Corp.*, 523 U.S. 360 (1998), the CIT applied a refund procedure that was established in the lead case across all analogous refund suits, see 22 C.I.T. 880 (1998); *Amended Procedure for Refunds of Harbor Maintenance Fees Paid on Exports of Merchandise*, Fed. Reg. 16,854, 16,854 (Mar. 28, 2001) (citing *U.S. Shoe Corp.* and describing refund procedures).

Issuing the mandate forthwith would allow the CIT to begin an analogous process here, ensuring that refunds are issued as promptly as possible to both Plaintiffs and the numerous other American businesses that so badly need them.

3. There is no impediment to the immediate issuance of the mandate. The Supreme Court's rules provide the government with 25 days to seek rehearing of the Supreme Court's judgment, S. Ct. Rule 44.1, and the Supreme Court will not issue its certified judgment until 32 days

after the "entry of the judgment" to permit the government the opportunity to file for rehearing, S. Ct. Rule 45.3. But this Court has the authority to issue its mandate at any time, even while Supreme Court proceedings are pending. See Fed. R. App. P. 41(d) (providing that, if a party wishes to stay the issuance of the mandate pending Supreme Court review, it must obtain a stay order from the court of appeals). The mandate did not issue in the ordinary course here only because of this Court's order staying the mandate's issuance until the Supreme Court entered its judgment. Because that has now happened, this mandate should issue forthwith.[3] Plaintiffs also note that they intend to simultaneously file a motion for permanent injunctive relief in the CIT so that the CIT can provide Plaintiffs with their much-needed relief as soon as this Court issues its mandate.

---

[3] That is particularly so because the portion of this Court's order vacating the existing injunctive relief and remanding for further proceedings in the CIT was not the subject of the Supreme Court proceedings because neither party asked the Supreme Court to consider the question of remedy.

9

Dated: February 24, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Samantha K. Ilagan
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

Jeffrey M. Schwab
Reilly Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Austin, Texas 78735
(512) 481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,670 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: February 24, 2026         */s/ Neal Kumar Katyal*
                                 Neal Kumar Katyal

                                 *Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*

## CERTIFICATE OF SERVICE

I certify that today I caused this document to be filed electronically with the Clerk of Court using the CM/ECF system and thereby served via CM/ECF on all parties and counsel of record.


Dated: February 24, 2026  /s/ *Neal Kumar Katyal*
Neal Kumar Katyal

*Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*