# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| V.O.S. SELECTIONS, INC., et al.,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>*Defendants-Appellants.* | No. 25-1812 |
| STATE OF OREGON, et al.,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>*Defendants-Appellants.* | No. 25-1813 |

## REPLY IN SUPPORT OF MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE

The government offers various reasons to deny Plaintiffs' motion for immediate issuance of the mandate and to instead drastically delay the refund process. None is persuasive.

*First*, the government claims (at 1-2) that this Court "ordinarily should not dissolve the stay or issue the mandate until the judgment of

1

the Supreme Court is sent down," but it cites nothing for this proposition. That is no surprise: Federal Rule of Appellate Procedure 41(d) establishes that this Court may issue its mandate at any time—even while Supreme Court proceedings are pending. See Fed. R. App. P. 41(d) (providing that, if a party wishes to stay the issuance of the mandate pending Supreme Court review, it must obtain a stay order from the court of appeals). And this Court ordered that issuance of the mandate was withheld pending "*a judgment* of the Supreme Court if certiorari is granted," Dkt. No. 161 at 3 (emphasis added), which is easily satisfied by the Supreme Court's ruling here, see *Learning Res., Inc.* v. *Trump*, 607 U.S. ---, 2026 WL 477534, at *14 (U.S. Feb. 20, 2026) ("The judgment of the United States Court of Appeals for the Federal Circuit in case No. 25-250 is affirmed.").

*Second*, the government's suggestion that the Court should instead wait 90 days to issue its mandate is plainly unreasonable. The refund issue is straightforward: As Plaintiffs explained in their motion (at 4, 6-7), the government has repeatedly made stipulations guaranteeing payment of refunds, with interest, if the Supreme Court held the IEEPA

2

tariffs unlawful.[1] And Customs and Border Protection has ample experience issuing tariff refunds both pursuant to statutory schemes, see, *e.g.*, 19 U.S.C. § 1514; 28 U.S.C. § 1581(a), and in response to the invalidation of unlawful taxes, see *Amended Procedure for Refunds of Harbor Maintenance Fees Paid on Exports of Merchandise*, 66 Fed. Reg. 16,854, 16,854 (Mar. 28, 2001) (describing refund scheme following the Supreme Court's invalidation of the Harbor Maintenance Fee in *United States* v. *U.S. Shoe Corp.*, 523 U.S. 360 (1998)). Further, while it may well make sense for the parties to adopt a streamlined process for distributing refunds quickly and equitably, that process should be worked out among the parties in front of the CIT, not unilaterally by the government during a 90-day pause.

Accordingly, nothing about the refund issue warrants any delay in issuing this Court's mandate, let alone a staggering *three months'* delay. All this Court has waited for is "a judgment of the Supreme Court," Dkt. No. 161 at 3, and that judgment came on February 20, 2026. The proper time to issue the mandate is now.

---

[1] Notably, the government does not deny the force of these stipulations in its response.

*Third*, the government's references (at 3-4) to a discussion at oral argument in the Supreme Court about the Court's potential options for relief cuts against the government, not Plaintiffs.  As the government notes, counsel for Plaintiffs highlighted various ways *the Supreme Court* could tailor the relief in this case, such as "limit[ing] its decision to prospective relief" or "stay[ing] [its] decision for a while in order to let the congressional process unfold."  Opp. 3-4 (quoting Tr. of Oral Arg. 155). Yet the Supreme Court did none of that.  The Court declined to make its relief prospective-only.  Nor did it elect to provide the government additional time to work with "the political branches * * * to consider options."  Opp. 3.  This Court should not accept the government's invitation to grant forms of relief the Supreme Court obviously found inappropriate.  Rather, it should issue the mandate forthwith.

Dated: March 2, 2026

Respectfully submitted,

*/s/ Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Samantha K. Ilagan
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
(202) 835-7505
nkatyal@milbank.com

4

Jeffrey M. Schwab
Reilly Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Austin, Texas 78735
(512) 481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*

# CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 596 words.

This reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: March 2, 2026  /s/ *Neal Kumar Katyal*
Neal Kumar Katyal

*Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*

# CERTIFICATE OF SERVICE

I certify that today I caused this document to be filed electronically with the Clerk of Court using the CM/ECF system and thereby served via CM/ECF on all parties and counsel of record.

Dated: March 2, 2026  /s/ *Neal Kumar Katyal*
Neal Kumar Katyal

*Counsel for Plaintiffs-Appellees V.O.S. Selections, Inc., Plastic Services and Products, LLC, d/b/a Genova Pipe; MicroKits, LLC; FishUSA, Inc.; Terry Precision Cycling LLC*